# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**DONNA F. BATTLE,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　Case No. 2:08-cv-594-FtM-99DNF

**HOME INSTEAD SR. CARE,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AFFIDAVIT OF INDIGENCY CONSTRUED AS A MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **July 22, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and this action be dismissed.

    The Plaintiff, Donna Battle is requesting leave to proceed without the prepayment of filing fees pursuant to 28 U.S.C. §1915. Title 28 U.S.C. §1915(e)(2)(B) confers upon the Court the discretionary authority to dismiss an action if the Court is satisfied that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." *See also, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, (1992). A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint

must contain "a short and plain statement of the claim showing that the pleader [Ms. Battle] is entitled to relief" as is required under Fed.R.Civ.P. 8. *Pro se* complaints should be held to a less stringent standard than pleadings drafted by attorneys. *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976[1]).

The Court entered an Order (Doc. 6) on August 6, 2008, requiring Ms. Battle to file an Amended Complaint to set forth a claim. Ms. Battle failed to file an Amended Complaint. Ms. Battle's Complaint contains a long narrative statement regarding her work and her clients. Much of the facts in the Complaint do not relate to a cause of action. Although Ms. Battle claims that she is bringing an action for discrimination, there are only conclusory statements regarding any alleged discrimination and no factual statements to support her claim of discrimination. For example, Ms. Battle states that she "FEEL[S] ABUSED, REJECTED, THE WORST THING THAT HAS BEEN ON EARTH, STUPID AND CANNOT LEARN AND HAS NOT HIRED NO [sic] OTHER BLACK EMPLOYEES EXCEPT THE PLAINTIFF AND HAS MISTREATED HER . . ." The Plaintiff failed to set forth factual allegations regarding any discrimination. Further, the Plaintiff failed to state whether the EEOC has or has not issued a Right to Sue Letter. On page 4, ¶9, the Plaintiff states that the EEOC issued a Notice of Right to Sue Letter, then the Plaintiff contradicts that statement by saying there was not a Right to Sue Letter issued. (See, Doc. 1).

Based upon the Plaintiff failing to file a Complaint which states a cause of action, and based upon the Plaintiff failing to comply with the Order (Doc. 6) requiring her to file an Amended Complaint, the Court respectfully recommends that the Affidavit of Indigency construed as a Motion to Proceed In Forma Pauperis be denied and this action be dismissed.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir., 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  2nd  day of September, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record